UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILSON COAKLEY and WARREN COAKLEY,                    14 Civ.

          Plaintiffs,

                                                    **COMPLAINT**

      -against-

AYANNA WEBB, WANDA OCHSHORN,       **JUDGE RAMOS**
OLA-NREWAJU OTEGBADE, individually and
as manager, and CITY OF NEW YORK,      **14 CV 8438**

          Defendants.
----------------------------------------------------------------X

        Plaintiffs Wilson Coakley and Warren Coakley, appearing by their attorneys Lansner & Kubitschek, complain of the defendants as follows:

### I. PRELIMINARY STATEMENT

    1.    This is a civil rights action, pursuant to 42 U.S.C. §1983, in which plaintiffs seek damages to redress the deprivation, under color of state law, of rights secured to them under the First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York law. Defendants removed and detained plaintiff Warren Coakley from his father, plaintiff Wilson Coakley, without consent, probable cause, or due process of law.

### II. JURISDICTION

    2.    Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendent jurisdiction over plaintiffs' state law claims under 28 U.S.C. §1367.

### III. PARTIES

3. Plaintiff Wilson Coakley is the father of plaintiff Warren Coakley. Both plaintiffs are residents of the City and State of New York.

4. Defendant City of New York ("City") is a municipal corporation, incorporated pursuant to the laws of the State of New York. Defendant City's Administration for Children's Services ("ACS") is authorized by New York State law to investigate complaints of child abuse and neglect and to offer rehabilitative and preventive services to children and parents

5. Defendant City is responsible for making and/or approving policies for ACS, including policies regarding the investigation of alleged child abuse or maltreatment, the removal and detention of children from their families, the filing of neglect and abuse petitions in New York City Family Court, and the training and supervision of employees of ACS.

6. Defendant City is responsible for ACS's compliance with the Constitution, statutes, regulations, and common law of the United States and the State of New York.

7. Upon information and belief, in 2013, defendant Ayanna Webb was employed by defendant City as a child protective specialist for ACS.

8. Upon information and belief, in 2013, defendant Wanda Ochshorn was employed by defendant City as a supervisor for ACS.

9. Upon information and belief, in 2010, defendant Ola-Nrewaju Otegbade was employed by defendant City as a manager for ACS.

### IV. FACTS

10. Plaintiff Wilson Coakley has been married for nearly 20 years. His wife is not a party to this action.

11. On July 7, 1997, plaintiff's wife gave birth to plaintiff Warren Coakley, who is the couple's only child.

12. When plaintiff Warren Coakley was very young, plaintiff Wilson Coakley

2

and his wife separated. They remain legally married.

13. Since their separation, plaintiff Wilson Coakley and his wife have shared custody of plaintiff Warren Coakley. Both parents have space in their respective apartments for Warren Coakley to live.

14. Over the years, both plaintiff Wilson Coakley and his wife have made a series of informal living arrangements for plaintiff Warren Coakley, based upon plaintiff Warren Coakley's needs and best interests.

15. In early July, 2013, plaintiff Warren Coakley, who was then 16 years old, was taking summer school classes at his high school, which is located near to the home of Wilson Coakley's wife.

16. To accommodate his school schedule, plaintiff Warren Coakley stayed with his mother on weekdays and with his father, plaintiff Wilson Coakley, on weekends, with the agreement of both plaintiff Wilson Coakley and his wife.

17. Upon information and belief, in May, 2013, an individual whose identity is unknown to plaintiffs, reported that the mother of plaintiff Warrren Coakley had neglected Warren Coakley by using drugs, which interfered with her ability to care for Warren Coakley.

18. Upon information and belief, no one accused plaintiff Wilson Coakley of mistreating plaintiff Warren Coakley in any way.

19. Plaintiff Wilson Coakley has always provided loving care for plaintiff Warren Coakley and has never abused or mistreated plaintiff Warren Coakley.

20. Upon information and belief, defendant City assigned defendant Webb to investigate the report.

21. Upon information and belief, defendant City assigned defendants Ochshorn and Otegbade to supervise the investigation.

22. In the course of the investigation, defendants Webb, Ochshorn, and

Otegbade learned that plaintiff Wilson Coakley was a loving father who provided exemplary care for plaintiff Warren Coakley.

23. In the course of the investigation, defendants Webb, Ochshorn, and Otegbade learned that plaintiff Warren Coakley lived with his mother during the week and with his father, plaintiff Wilson Coakley, on weekends.

24. On Monday, July 15, 2013, defendant Webb removed plaintiff Warren Coakley from his mother, with the knowledge and consent of defendants Ochshorn and Otegbade, and took Warren Coakley into the custody of defendant City of New York.

25. Upon information and belief, on July 15, 2013, all defendants commenced proceedings in the Family Court of the State of New York, alleging that Warren Coakley's mother, but not his father, had neglected Warren Coakley. Upon information and belief, defendants knowingly and intentionally waited to commence proceedings until the weekend was over, knowing that Warren Coakley would be at his mother's home, rather than his father's home, on the day that defendants went to court to seek the court order.

26. Defendants never filed any documents in Family Court which alleged that plaintiff Wilson Coakley had neglected or mistreated plaintiff Warren Coakley in any manner.

27. Defendants never provided plaintiff Wilson Coakley with notice or an opportunity to be heard to challenge the removal of Warren Coakley.

28. Instead, upon information and belief, defendants informed the Family Court Judge, falsely, that plaintiff Warren Coakley's mother had custody of plaintiff Warren Coakley and that plaintiff Wilson Coakley's whereabouts were unknown to defendants.

29. Upon information and belief, based solely upon defendants' false allegations, a Family Court judge issued an order permitting defendants to retain plaintiff Warren Coakley in their custody.

30. From July 15, 2013, until July 25, 2013, defendants held Warren Coakley

in their custody in a foster home.

31. While Warren Coakley was in the foster home, defendants refused to permit plaintiff Wilson Coakley to see Warren Coakley or even to speak with Warren Coakley on the telephone, except for one brief telephone call.

32. While Warren Coakley was in the foster home, defendants failed to make arrangements for Warren Coakley to attend school.

33. While Warren Coakley was in the foster home, defendants refused to provide plaintiff Wilson Coakley with any information about Warren Coakley's whereabouts, or any other information about Warren Coakley.

34. Plaintiff Wilson Coakley retained counsel, who demanded that defendants return Warren Coakley to Wilson Coakley.

35. On July 25, 2013, defendants allowed Warren Coakley to go to plaintiff Wilson Coakley, but defendants retained custody of Warren Coakley, and agreed only that Warren Coakley could "visit" plaintiff Wilson Coakley.

36. On August 1, 2013, defendants finally released plaintiff Warren Coakley to his father, plaintiff Wilson Coakley.

37. Upon information and belief, all of the actions taken by defendants were taken pursuant to the policies of the City of New York

38. Defendant City of New York had also, in 1999, illegally removed and detained plaintiff Warren Coakley from plaintiff Wilson Coakley for many weeks, based solely upon an allegation that Warren Coakley's mother had neglected Warren Coakley, without providing due process of law to either plaintiff.

39. Within ninety days (90) after the claim upon which the complaint arose, plaintiff caused a notice of claim in writing, sworn to by plaintiff, to be served upon defendant City of New York. At least thirty days have elapsed since the service of said notice and no

payment has been made on said claim.

40. Upon information and belief, if a judgment is rendered against any individual defendant, the City of New York will indemnify that individual defendant, pursuant to N.Y. General Municipal Law §50-k.

## V. FIRST CAUSE OF ACTION

41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 40.

42. Upon information and belief, defendant City had a policy and practice of removing and detaining children from their fathers without probable cause and without due process of law when the children's mothers, who do not live with the fathers, have allegedly mistreated or neglected the children. Said policy, and the removal and detention effectuated pursuant to said policy, constituted an unlawful interference with plaintiff Warren Coakley's liberty interest in the care and custody of his son, plaintiff Warren Coakley, in violation of the First and Fourteenth Amendment to the United States Constitution. Said policy and practice, and its implementation, constitute gross deviations from acceptable professional conduct and deliberate indifference on the part of defendant City to the strong likelihood that that policy and practice would cause the removal of children from their fathers without probable cause and without due process of law.

43. Upon information and belief, acting pursuant to said policy, defendants Otegbade, Ochshorn and Webb recommended, removed, detained, and/or ratified the removal and detention of plaintiff Warren Coakley from plaintiff Wilson Coakley without probable cause and without due process of law, in that they executed and ratified the removal and detention:

    a. without probable cause to believe that continuing in the care of plaintiff Wilson Coakley presented an imminent danger to plaintiff Warren Coakley's life or health;

    b. without probable cause to believe that plaintiff Wilson Coakley was unfit to care for plaintiff Warren Coakley;

6

    c. without providing either plaintiff with notice of the removal; and

    d. without providing either plaintiff with a pre-removal hearing or a prompt post-removal hearing.

  44. Acting pursuant to said policy, in 1999, defendant City of New York had removed plaintiff Warren Coakley from plaintiff Wilson Coakley and detained Warren Coakley in foster care for many weeks, based solely upon an allegation that Warren Coakley's mother had neglected Warren Coakley.

  45. In the alternative, defendant City failed to adopt and/or enforce policies requiring its employees to remove children from their non-offending fathers only if the employees had probable cause to believe that continuing in the care of their fathers presents an imminent danger to the children's life or health, only if the employees provided due process of law to children and fathers, and only if the employees had investigated to determine said factors. Defendant City knew or should have known that said failure would cause its employees to remove and detain children without probable cause to believe that continuing in the care of their fathers presented an imminent danger to the children's life or health and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

  46. Defendant City knew or should have known that its failure to adopt and/or enforce a policy regarding the removal of children from non-offending fathers would cause defendants' agents and employees to violate the fathers' and children's rights to live together as a family without state intervention, and their right to intimate association, contrary to the First and Fourteenth Amendments to the Constitution.

  47. Defendant City knew or should have known that its failure to adopt a policy requiring their employees to afford non-offending fathers and children process of law in connection with the removal of the children from the non-offending fathers would cause their agents and employees to remove and detain children without procedural due process of law, in

violation of the Fourteenth Amendment to the United States Constitution.

48. Defendant City provided grossly inadequate and unprofessional training and supervision to its employees regarding the removal and detention of children from non-offending fathers, the making of probable cause determinations, and the provision of due process of law to such relatives and to the children.

49. Defendant City knew or should have known that its employees were improperly trained and supervised in those areas.

50. As a result of the defendants' actions, plaintiff Wilson Coakley suffered the loss of the love and services of plaintiff Warren Coakley, and incurred legal and other expenses; plaintiff Warren Coakley suffered physical and mental injuries, deprivation of liberty, and the loss of the love and care of his father; and both plaintiffs suffered pain and suffering, terror, anguish, and depression.

## VI. SECOND CAUSE OF ACTION

51. Plaintiffs reallege and incorporate by reference paragraphs 1 through 50.

52. In removing plaintiff Warren Coakley from plaintiff Wilson Coakley and detaining plaintiff Warren Coakley with strangers, defendants City, Webb, Ochshorn, and Otegbade violated plaintiff Warren Coakley's right to be free of unlawful searches and seizures, protected by the Fourth Amendment of the United States Constitution.

53. As a result of the defendants' actions, plaintiff Wilson Coakley suffered the loss of the love and services of plaintiff Warren Coakley, and incurred legal and other expenses; plaintiff Warren Coakley suffered physical and mental injuries, deprivation of liberty, and the loss of the love and care of his father; and both plaintiffs suffered pain and suffering, terror, anguish, and depression.

## VII. THIRD CAUSE OF ACTION

54. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53.

55.     By removing and detaining infant plaintiffs, defendants City, Otegbade, Ochshorn, and Webb wrongfully interfered with plaintiff Warren Coakley's custody of his son, plaintiff Warren Coakley.

56.     As a result of the defendants' actions, plaintiff Wilson Coakley suffered the loss of the love and services of plaintiff Warren Coakley, and incurred legal and other expenses; plaintiff Warren Coakley suffered physical and mental injuries, deprivation of liberty, and the loss of the love and care of his father; and both plaintiffs suffered pain and suffering, terror, anguish, and depression..

## VIII. FOURTH CAUSE OF ACTION

57.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 56.

58.     Defendants City, Otegbade, Ochshorn, and Webb had a duty to act with reasonable care toward plaintiff Wilson Coakley and with the highest degree of care toward plaintiff Warren Coakley.

59.     In removing and detaining plaintiff Warren Coakley from plaintiff Wilson Coakley, defendants City, Otegbade, Ochshorn and Webb breached said duties and grossly deviated from accepted professional standards.

60.     As a result of the defendants' actions, plaintiff Wilson Coakley suffered the loss of the love and services of plaintiff Warren Coakley, and incurred legal and other expenses; plaintiff Warren Coakley suffered physical and mental injuries, deprivation of liberty, and the loss of the love and care of his father; and both plaintiffs suffered pain and suffering, terror, anguish, and depression.

## IX. FIFTH CAUSE OF ACTION

61.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 60.

62.     In seizing and detaining plaintiff Warren Coakley, defendants falsely arrested and falsely imprisoned plaintiff Warren Coakley.

63. As a result of the defendants' actions, plaintiff Wilson Coakley suffered the loss of the love and services of plaintiff Warren Coakley, and incurred legal and other expenses; plaintiff Warren Coakley suffered physical and mental injuries, deprivation of liberty, and the loss of the love and care of his father; and both plaintiffs suffered pain and suffering, terror, anguish, and depression.

WHEREFORE, plaintiffs respectfully requests that judgment be entered:

1. Declaring unconstitutional defendants' removal and detention of plaintiff Warren Coakley from plaintiff Wilson Coakley's care; and

2. Declaring unconstitutional defendants' policies and practices of removing children from their non-offending fathers without providing due process of law in the form of a constitutionally adequate pre-deprivation or post-deprivation hearing to the children or to the fathers; and

3. Awarding plaintiffs reasonable compensatory and punitive damages in a sum to be determined by the court; and

4. Awarding plaintiffs interest from July 15, 2014; and

5. Awarding plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988; and

6. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 22, 2014

*Carolyn A. Kubitschek*
Carolyn A. Kubitschek
Lansner & Kubitschek
Attorneys for Plaintiffs
325 Broadway, Suite 203
New York, New York 10007
(212) 349-0900
Ckubitschek@lanskub.com